```
 1 │ RANDY S. GROSSMAN
   │ Acting United States Attorney
 2 │ ERIC R. OLAH
   │ Assistant United States Attorney
 3 │ California Bar No. 295513
   │ United States Attorney's Office
 4 │ 880 Front Street, Room 6293
   │ San Diego, California 92101-8893
 5 │ Telephone: (619) 546-7540
 6 │ Attorneys for Plaintiff
   │ UNITED STATES OF AMERICA
 7 │
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 3:21-CR-1531 |
|---|---|
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| DANIEL ENRIQUE VILLANUEVA-RIOS, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, Acting United States Attorney, and Eric R. Olah, Assistant United States Attorney, and Defendant DANIEL ENRIQUE VILLANUEVA-RIOS, with the advice and consent of Paul W. Blake, counsel for Defendant, as follows:

//
//
//
//
//
//
//

ERO:mt:7/14/21                                        Def. Initials

I

**THE PLEA**

A. <u>THE CHARGE</u>

Defendant agrees to plead guilty to both counts in a two-count Superseding Information charging that:

<u>Count 1</u>

On or about May 2, 2021, within the Southern District of California, Defendant DANIEL ENRIQUE VILLANUEVA-RIOS knowingly, intentionally, and forcibly assaulted a person designated in Title 18, United States Code, Section 1114, to wit: United States Customs and Border Protection Officer M. Rice, while she was engaged in and on account of the performance of her official duties; in violation of Title 18, United States Code, Section 111(a)(1), a misdemeanor.

<u>Count 2</u>

On or about May 2, 2021, within the Southern District of California, Defendant DANIEL ENRIQUE VILLANUEVA-RIOS, an alien, knowingly and intentionally eluded examination and inspection by immigration officers at a port of entry that was open for examination and inspection; all in violation of Title 8, United States Code, Section 1325(a)(2), a misdemeanor.

II

**NATURE OF THE OFFENSE**

A. <u>ELEMENTS EXPLAINED</u>

The offense to which Defendant is pleading guilty in Count 1 has the following elements:

    1. Defendant forcibly assaulted a federal officer; and

    2. Defendant did so while the federal officer was engaged in, or on account of, her official duties.

The offense to which Defendant is pleading guilty in Count 2 has the following elements:

//

//

Def. Initials _[initials]_
3:21-CR-1531

1. Defendant was not a citizen of the United States at the time of the offense; and

2. Defendant knowingly eluded examination and inspection by immigration officers at a port of entry that was open for examination and inspection.

B. <u>ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS</u>

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crimes and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On May 2, 2021, Defendant was a citizen of Honduras, was not a citizen of the United States, and did not have any immigration documents authorizing his admission into the United States.

2. On May 2, 2021, Defendant entered the United States from Mexico by running through a vehicle lane at the San Ysidro, California Port of Entry. The Port of Entry was open for examination and inspection, and Defendant eluded examination and inspection by immigration officers.

3. Defendant disregarded commands from United States law enforcement officers to stop running before he forcibly assaulted Customs and Border Protection Officer M. Rice intentionally striking her and knocking her to the ground as she attempted to detain Defendant.

4. At the time of the assault, Officer Rice was engaged in her official duties at the San Ysidro Port of Entry.

### III

### **PENALTIES**

The crime to which Defendant is pleading guilty in Count 1 carries the following penalties:

A. A maximum one year imprisonment;

B. A maximum $100,000 fine;

C. A mandatory special assessment of $25.00; and

//

D.  A maximum term of supervised release of one year. Defendant understands that failure to comply with any of the conditions of supervised release or probation may result in revocation of supervised release or probation, requiring Defendant to serve up in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

The crime to which Defendant is pleading guilty in Count 2 carries the following penalties:

A.  A maximum 6 months imprisonment;

B.  A maximum $5,000.00 fine; and

C.  A mandatory special assessment of $10.00 per count.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages of trial;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of Defendant; and

F.  Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that, because Defendant is not a citizen of the United States, Defendant's conviction in this case makes it practically inevitable and a virtual certainty that Defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

//

4

Def. Initials _[initials]_
3:21-CR-1531

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence for Count 1, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account.[1] Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

---

[1] The Guidelines do not apply to Count 2, a Class B Misdemeanor.

## IX

**SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation as to what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

**PARTIES' SENTENCING RECOMMENDATIONS**

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence for Count 1, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures:

    1. Base Offense Level [§ 2A2.4(a)]     10
    2. Physical Contact [§ 2A2.4(b)(1)(A)]     +3
    3. Acceptance of Responsibility [§ 3E1.1]     -2

B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in

conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category, except that, if Defendant is determined to be a Career Offender, the parties agree that the Defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The parties agree to jointly recommend the Court impose the greater of: sentences of 6 months' custody per count, with the sentences to run concurrent; or the time served in custody at the time of sentencing.

G. SPECIAL ASSESSMENT, FINE, RESTITUTION, FORFEITURE

1. Special Assessment: The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2. Fine: The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H. SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

XI

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. The only exception is Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

XII

**BREACH OF THE PLEA AGREEMENT**

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim

that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A.  Failing to plead guilty pursuant to this agreement;

B.  Failing to fully accept responsibility as established in Section X, paragraph B, above;

C.  Failing to appear in court;

D.  Attempting to withdraw the plea;

E.  Failing to abide by any court order related to this case;

F.  Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G.  Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may

not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native

language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

Respectfully submitted,

RANDY S. GROSSMAN
Acting United States Attorney

July 15, 2021
DATED

*Eric R. Olah*
ERIC R. OLAH
Assistant U.S. Attorney

7/14/21
DATED

*Paul W. Blake*
PAUL W. BLAKE
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

7-14-21
DATED

*Paul Blake as authorized by*
DANIEL ENRIQUE VILLANUEVA-RIOS
Defendant

*Daniel Villanueva*

Approved by:

s/Meghan E. Heesch
MEGHAN E. HEESCH
Assistant U.S. Attorney